21-6007. Counsel for Appellant, if you would make your appearance and proceed, please. Thank you. May it please the Court, Mary Fleming for the Appellant, William White. The central question in this appeal is whether Mr. White's PTSD is enough to plead a physical injury under the FTCA MPLRA. The answer is yes, because PTSD is a physical injury to the brain. And Mr. White has pleaded his PTSD not based on his own speso, but based on an actual diagnosis. At the pleading stage, that is enough to vouch for the asserted emotional injuries, which is all Congress intended the physical injury requirement to do. In addition, the statutes do not require that the defendant cause the physical injury, but Mr. White has adequately pleaded causation, so the Court doesn't have to reach that question. Go ahead. Do we have to look at whether PTSD is a mental or physical injury under Oklahoma state law or federal law? I think for the purposes of interpreting the statute, it's a question of federal law, but it certainly can be informed by Oklahoma state law. I think that Congress enacted the FTCA, the physical injury requirement against the background of common law, tort law, so it can inform the question. But courts have treated it as a matter of federal law generally. Okay, but your underlying, like to prove your claim, if you get to stay in court, you're under Oklahoma state law. The substance of the negative emotional distress claim, yes, and IID as well. Okay. Yes. In your reply brief, you talked about the notion of the PTSD being exacerbated by the time in the FTC. What evidence is there in, well, not evidence, but what facts have been pled to speak to the question of exacerbation of the PTSD during the period of those counts 47 and 48? I'd point to two things. One is that in counts 47 and 48, Mr. White pleads that as a result of his conditions of confinement, that caused him to suffer PTSD. Also, the report that's attached to his complaint diagnosing him with PTSD notes that PTSD is a cumulative injury, and it points back to time at federal prison in Chicago and before that in 2010, but that the injury is ongoing. But that doesn't answer the question of exacerbation. I mean, to say that he has a chronic injury and that it traces back to 2010 doesn't tell us anything about a temporal connection to the counts in question here and in 2015. So, I mean, what is number one, I guess the question would be, to the extent that there's any exacerbation, what does that look like? Two, does there have to be a connection between the PTSD that existed in 2015 and the claim of physical injury that you make here? In other words, does there have to be something about the nature of the PTSD that existed in 2015, not the fact that he had PTSD as diagnosed in 2010, does there have to be a temporal link? So those two questions. One, the question about exacerbation. Exacerbation implies that something happened during the time of 2015 and during the time of these counts that made his PTSD worse. And what I'm asking you is what has been pleaded to support the notion that his PTSD became more severe during the time in question? The only thing I can point to on that, Your Honor, is that the counts themselves allege that he suffered PTSD as a result of his conditions of confinement and that he was placed in solitary confinement, subjected to what he calls restricted environmental stimuli conditions. So I think a liberal reading of the complaint, you could infer that it became worse, particularly in light of the diagnostic report attached to the complaint. I thought his complaint was done by a lawyer. Yes, it was. But I still think that considering that PTSD is alleged in those accounts, that it could be, I think he's still entitled to a liberal construction of his complaint on the late. So as to whether there needs to be a temporal connection of the PTSD in 2015, I think the answer is yes, there has to be some link. But I think there is a link here in that he continued to suffer from PTSD. And again, he alleges that in his complaint and counts 47 and 48. How do you – I'm trying to draw a line here between what's a physical injury and what's not. And you think about a prisoner, an inmate who develops some type of emotional or mental illness in prison, becomes psychotic because of the environment that he's in. And even though there's been no touching by the prison, the traditional, normal sense of what a physical injury is, a punch in the mouth or a kick in the shin, but you have this chronic emotional or mental illness. And it seems to me that the statute was on its plain reading and it was intended to weed out those types of prisoner claims. And doesn't PTSD kind of fit in that category of cases since none of the allegations here involve direct physical harm to Mr. White? So how do we get your claim back over to the physical injury side but not basically open the door for every type of emotional damage claim? I think there are some lines the court could draw. One is that PTSD is an accepted injury in the medical community. It's diagnosed based on objective medical standards. It's in scientifically accepted standards. So is psychosis and countless other types of problems. I mean, they're all respected and part of the medical terminology. But hook it up to a physical injury. Well, I also, to go back to your point about the congressional intent and whether this claim is on one side of the line that Congress didn't intend or the other. I think that this, because it is objectively diagnosable and it's a durable change to the brain, that it would fall on the other side of the line. That it wouldn't be absurd to interpret physical injury to include PTSD. And I think that although the court hasn't adopted this standard, the de minimis standard that other courts have adopted could do some work there to get around claims of emotional distress that are physically linked or that are minimal, temporary, or fleeting. And that's not what PTSD is. Well, that's a good point. And I don't know. I'm not trying to play gotcha here. But we issued a decision on January 11. And it was a Johnson decision. And the Johnson decision talked about this whole question of the circuits that have looked at more than de minimis injuries in this context. And what they've said is those circuits have talked about it being intense, prolonged, and exacerbated. What I would ask, if you're familiar with Johnson, great. If not, just speak to the question of, I mean, what is there in the pleadings, in the pleading of vermin here, the vermins that have been pled here, that speaks to the question of intense, prolonged, and exacerbated? I mean, the fact that he had PTSD in 2010, I mean, what does that tell you about the counts that are pled here and why they would be more than de minimis? And to put a fine point on it, let's assume the government had posited an alternative argument for affirmance, which was, assuming that PTSD can be a physical injury, there is no evidence pleaded or facts pled that it was more than de minimis. So what I'm asking you is, what facts are pled that indicates that the PTSD here was more than de minimis? And if you would, use this standard of intense, prolonged, and exacerbated. Sure. I would have to point the court back to allegations that are before 2015 in his complaint. But he does, Mr. White does allege that he suffered a brain injury, that he suffered neurological damage. Those are paragraphs 35 and 72. And he adds meat on those bones. He said that he suffered altered perceptions, hallucinations, inability to sleep regularly, inability to communicate. And he says that the neurological damage that he sustained led to his PTSD and that that PTSD is an ongoing injury, that bringing it into 2015, he still continued to suffer from. So I think that PTSD under the intense, prolonged, and exacerbated standard meets those requirements. And I don't know that it would be like, I don't know that he has to suffer the PTSD or the onset of it in 2015. It would be like if someone, we cite some cases where prisoners had asthma and it was exacerbated when they were in prison. But yes, but exacerbated means made worse. And what I'm saying is that I don't see any averments that speak to the fact that his PTSD was made worse during his period in FTC. And we've talked about that. I haven't heard anything to suggest that there are. Where is there something that says that when he walked in, he had PTSD, bad PTSD, but it was made worse at FTC? Again, the counts are short. Yeah, well, that's your problem, though. I mean, if the counts are short. And I guess the point I'm making is surely we can be in a situation where if I broke my arm in 2010 and for whatever reason, you know, let's say I broke my arm in state court. I mean, in state prison in 2010, I walk into the FTC. I've still got it broken. I've got injuries associated with my broken arm. Surely that cannot be the predicate for my claim of mental and emotional injuries in 2015, can it? I think it can. And I would also remind the court that there are the elements of the cause of action that are going to do some work here. So whether there actually is negligence, there's a breach, intentional conduct, but whether there's an actual accompanying physical injury is a discrete requirement. And so as long as the emotional harm is in some way related to that, it gives an objective dimension or a physical dimension to an emotional injury. And that's all Congress intended the physical injury requirement to do. So if there is a broken arm, even if it didn't occur at FTC, Oklahoma City, I still think that that would be enough to satisfy the physical injury requirement. Well, what I thought I heard you say earlier, there needed to be some... Well, are you saying that the temporal connection is the fact just that his broken arm continues when he's in FTC? Yes. At the time? Yes. Okay. Yes. And to be clear, I think that the emotional damages have to be linked somehow to that. So, for example, if there are emotional damages because of not accommodating the broken arm, not getting treatment, something like that, I don't think any emotional damage is completely unrelated to the broken arm. But I think that the broken arm gives an objective dimension to the related claims of emotional injury. So that sounds to me like you agree with Judge Holmes that maybe your big issue in this case is overcoming a lack of allegations that the PTSD was exacerbated during his stay, his brief stay, as alleged. I think that's a hard issue in this case. But I would ask the court to read the complaint liberally. And in light of the allegations concerning surrounding his PTSD and how severe it is, that by nature, that putting him in solitary confinement again and subjecting him to conditions that he was subjected to is enough to infer that there was an exacerbation. But what I would ask is this. There are sort of two discrete issues here. One is, are there enough averments that it was exacerbated? Then the question is, if you set the notion that it was exacerbated, was it exacerbated enough to be more than de minimis? And so even if we spotted you that it was exacerbated, what is there in the record relative to these counts to suggest that any such exacerbation was more than de minimis? I would resist the idea that the exacerbation has to be de minimis. I would note that physical injury itself has to be more than de minimis. But again, the physical injury requirement is just intended to give some credence to claims of emotional injury. And once that's established, that requirement has been met. I'd like to reserve that. Over time, we have more medical understanding of brain injuries and the like. I presume you can take some type of brain scan or MRI here and detect some deformity of Mr. White's brain because of this disorder. This physical injury requirement was added back in 1996. Are we bound by advances in medical technology interpreting the physical injuries standard? Or do we need to go back in time, look at the plain and ordinary language of the statutory phrase, and import that coming forward? The definition of physical injury hasn't changed over time. So I do think that as scientific and medical knowledge advances, what fits in the box of that definition can change. But we have gone back and cited scientific articles suggesting that even back in 1996 and before, it was being studied and accepted that PTSD affects the brain physically. Let me ask this question. I know you're out of time. The government points out in its brief that or at least alleges that one problem with your argument is that you're conflating a biological injury with a biological change, essentially, or biological state of affairs. So isn't it in fact the case that you could have an emotional trauma, and let's assume that that does rewire your brain and rematch your brain such that if somebody does an MRI or whatever diagnostic tool, they show that your brain is different than somebody else's brain. Why is that biological change or condition an injury? Because it was caused by something that took place outside as an emotional trauma. So the point is, to be clear, the argument that I understood government to be making is that you're conflating those two and that they aren't the same thing because one could have some major emotional trauma, and let's assume it does rewire your brain such that your brain is physically different, biologically different than somebody else's. But that's not a physical injury. I think that PTSD—the government, I think, is focusing on the fact that PTSD does have an emotional component to it, but it does rewire the brain. And I think under your example, if it was plausible, which ultimately the plaintiff will have to prove that the rewiring occurred and it injures the brain, then I think that under the rule we're asking for, that would be enough to satisfy the physical injury department. Thank you, counsel. Thank you. Thank you. May it please the court, my name is Allison Spurlock and I represent the United States. The district court properly dismissed Mr. White's case, finding Mr. White failed to allege a physical injury connected with his nine-day stay at the Federal Transfer Center in Oklahoma City in 2015. Could you put the mic a little closer, too? Thank you. As the United States set forth in its briefs, we request that the court's decision be affirmed. At the outset, I would like to directly address the two issues this court ordered for supplemental briefing. First, does PTSD qualify as a physical injury for Mr. White's claims? No. PTSD is not a physical injury and should not be considered such under either the Prison Litigation Reform Act or Federal Tort Claims Act, which govern Mr. White's claims. And second, if PTSD qualifies as a physical injury, does it matter that the Bureau of Prisons did not cause it? Yes, it absolutely matters. It is a fundamental legal principle that a defendant should not be held liable for conduct it did not commit. Going back to your first question, I mean, if it's correct that this type of trauma can change the way your brain is wired and that's observable, even though there's not a direct touching of the inmate, why isn't that a physical injury? An event occurs, it affects the brain, the changes in the brain affect the behavior, the change in behavior is injurious to the inmate. Why doesn't that kind of fold under the... Maybe Congress didn't intend it to be that broadly interpreted, but on a textual basis, why isn't that good enough if we can see the changes? I mean, how's that different than putting a Band-Aid over a cut? With respect to the MRI changes that Appellants Council has been referring to, while that issue was not briefed before the District Court, my understanding is that MRIs are not used as diagnostic tools for PTSD. So we have two very different kinds of injuries. We have physical injuries and mental or emotional injuries. MRIs have been used to study associated brain changes in those diagnosed with PTSD. That is very different than using it as a diagnostic tool in order to diagnose a physical condition. The government would urge the court in looking at the language of the PLRA and FTCA. It's the government's position that the language is clear and unambiguous. The physical injury definition that Congress most likely utilized in 1996 when it passed the PLRA was likely that of Black's Law Dictionary, which at the time defined physical injury as bodily harm or hurt excluding mental distress, fright, or emotional disturbance. Well, the argument is that the changes in the brain reflect injury, harm. And so why would not an MRI tell us that that brain of Mr. White is different than a brain of somebody else and that difference in itself is injury? Why is that not the predicate for a claim of physical injury? I think it's not a predicate for a claim of physical injury for a couple of reasons. First and foremost, we have the language of the PLRA, which the government's position is that it is unambiguous. But looking to the legislative intent, we have a clear requirement that Congress has instituted in setting forth the certain situations where prisoners can access the courts. And in this situation, they've looked to common law and said, mental or emotional injuries in and of themselves are inherently difficult to verify and therefore tend to be concocted for frivolous lawsuits. So they have coupled, if you want to bring a claim for mental or emotional injury, you have to make a prior showing of physical injury. Well, yes, but I mean, that really sort of begs the question. I mean, one can say, yes, that's what Congress meant. But their point is that, all right, we satisfy that because we've got a mental, emotional injury that we're suing for and we have PTSD, which is a physical injury. So, I mean, they're saying they have the predicate. And so what we're trying to get at is why, assuming the argument that the MRI shows changes in Mr. White's brain, why wouldn't that be enough? So going back to the MRI discussion, an MRI, again, is not used as a diagnostic tool. While associated changes in the brain may be observable, that is no different than observable brain changes in somebody with depression or other stress-induced psychiatric disorders. If we are going to allow PTSD to come through the door and constitute a physical injury, what other mental health or emotional conditions are we now letting in? And I think it's important to note that PTSD is included in the Diagnostic and Statistical Manual of Mental Disorders, which is the principal authority for all psychiatric diagnoses. And it was in the DSM in 1996 when Congress enacted this legislation, and it continues to be there today. Common sense and all literature that we have points to PTSD being a mental or emotional condition. It is not commonly referred to as a physical condition. And I think it's important to look to other examples where we can see kind of a clear distinction here. Appellant's counsel in some of its briefs has referred to cases in which a heart attack is a physical condition, and that constituted a physical condition under the PLRA. A heart attack, which is something that is readily diagnosable, doctors can run objective medical tests with EKGs, x-rays, blood tests, to define then and there a physical injury that is occurring in that moment. That is much different than a psychiatrist or other mental health care provider giving a questionnaire to somebody like Mr. White and then self-reporting the subjective information answers to this questionnaire. Well, on your causation argument piece, what do you do with the heart attack and C-lock? And, I mean, the prison didn't cause him to have a heart attack. So what do you do with footnote 5 and C-lock, or 6 and C-lock? I think the deliberate indifference cases are kind of a different animal than what we have here today. Well, it's the same physical injury standard as being invoked and talked about there, is it not? That's correct. And in cases of the deliberate indifference standard, we have a physical injury, which is, again, kind of fulfilling this concern that Congress had and that's recognized at common law. So we have an objective physical injury. So whether it's a heart attack or a broken shoulder or a broken foot, we have an observable physical injury. And then we have an exacerbation of that through some sort of other act. So that exacerbation would be the physical injury. But in C-lock, we're not talking about an exacerbation. At least in that brief footnote, they didn't reference exacerbation. They said his heart attack provided the predicate for the claimed emotional injuries associated with the pain. And so I guess the point I'm making now is not talking about exacerbation, but talking about one of the two things you started out with, which was the question in supplemental briefing was the question of causation. And at least as far as I read this footnote, it's hard to discern how that causation piece could be established because the heart attack exists, but did the prison cause the heart attack? And it appears not. So why isn't that undercut the premise that there has to be a causation piece? I mean, your opposing counsel speaks of accompanying physical injury. I mean, what does C-lock tell us? I guess is what I'm trying to understand. The footnote in C-lock, I believe, was a very brief discussion. This issue was not a primary issue in C-lock at all. And I believe that there were allegations of severe significant pain. As we know with a deliberate indifference claim, the very act of those prison officials not providing that immediate medical care was an issue. That was the issue in that case. They exacerbated that physical injury. He had a known physical injury, which was the heart attack. They failed to treat it and made it worse. His pain persisted and was extreme. And as we saw in that case, the prison officials at the prison ran an EKG. They were able to determine there's heart changes happening. They transferred him to the emergency center, where the emergency department personnel were able to determine and confirm, yes, he has sustained a major heart attack. That is a very different situation than the case we have today, where Mr. White is alleging BOP officials outside of the nine days that we have at issue in our case, and other non-federal actors not at issue in our case, have somehow exacerbated this underlying PTSD that he claims he has. What are the allegations in the complaint that suggest the BOP knew of his PTSD, and if they knew at all, if they knew the extent of it? I don't recall any facts specific to the complaint alleging that BOP officials in Oklahoma City knew or should have known of his PTSD or failed to render any medical or psychiatric care whatsoever. And I think that it's important to note here that this is a claim under the Federal Tort Claims Act. Mr. White is a seasoned litigator. He knows how to file constitutional claims. He's done so in many cases. He chose not to do so here, and he also had counsel who chose not to do so here. If this were a constitutional claims case, a deliberate indifference case, we may have a different analysis today. But those are not the facts before this court. I don't get that. What are you talking about, different analysis? If you're talking about the same threshold requirement under both the FTCA and the PLRA, I mean, what difference does it make? I think that there are a couple of important distinctions to make here in the FTCA context versus the constitutional context. So in the FTCA context, we have 28 U.S.C. 1346b2, which this PLRA physical injury requirement is represented in. And it would be the government's argument that that statute or that section of the statute is jurisdictional. So if you're bringing a claim for mental or emotional injuries and it's an FTCA claim, the physical injury requirement is jurisdictional in the FTC realm. If you're bringing a claim for constitutional claims, 28 U.S.C. 1346b2 would not apply. That's an FTCA-specific provision that is jurisdictional. And furthermore, the types of damages that are available are vastly different in a Federal Tort Claims Act case and a constitutional case. Well, you're not saying, are you saying, I mean, in both instances, and again, and I'm not going to belabor the point, but looking at CLOC, you've got 42 U.S.C. 1997e, and it talks about physical injury. Now, that same language appears or essentially identical language appears in the FTCA. You're not saying that language needs to be interpreted differently, are you? I would argue that it should be interpreted differently in the FTCA context, yes. And why? Because the language in the FTCA is jurisdictional. And so, so what? So what, I mean, well, how does that change the plain terms of physical injury, the words physical injury? Well, it doesn't change the plain terms necessarily, but as opposed to the physical, or I'm sorry, and with regard to the physical injury, but it does change the outcome. So in the Federal Tort Claims Act cases, if you're unable to show a physical injury, you're done. The court does not have jurisdiction. In the constitutional claims, you have, you also have the requirement to show a physical injury. But even if you can't show a mental or emotional injury with the physical injury, you can still proceed with the constitutional claims for nominal damages, in some cases punitive damages. Those sorts of damages are not available in the FTCA realm. And so those two cases are very different. Let me jump ahead for a quick second to understand your response to this. You had Mr. White's motion to reinstate the U.S. Marshals Service in counts 47 and 48. What authority supports the notion that the Southern District of Illinois would retain jurisdiction in a situation over that particular motion? In other words, the court here dismissed under the theory that somehow or other it didn't have jurisdiction to resolve that, and I'm somewhat puzzled by why that would be the case. Because if Mr. White had gone back to the Southern District of Illinois and said reinstate the marshals vis-a-vis counts 47 and 48, why wouldn't the Southern District of Illinois just say, I don't have any jurisdiction over that? Those are not the facts before this court, so I can't speak to that, Your Honor. What I can say is that the district court declined to exercise jurisdiction over those claims that were not transferred to it. And that was a proper exercise of its discretion. Well, you can speak to that. I mean, proper exercise of its discretion means that it was legally right. And so why was it legally right to say that it did not have jurisdiction over the motion to reinstate those officers? I mean, it could either be right or wrong, but that's not what the court said. The court said it didn't have jurisdiction over it. And what I'm trying to get to the bottom of is why would that be the case? It would seem to me that if those marshals were going to be reinstated, the Western District would in fact be the jurisdiction that could do it, right? And perhaps there were other ways for Mr. White to do that, but he did not do that. I believe the Southern District of Illinois, in coming to that decision, indicated that Mr. White was actually premature in his filing against the U.S. Marshals Service. I think there was an exhaustion issue there. Mr. White had other forms of relief available to him that he did not pursue. And I think, again, it was within the district court's discretion to decline to add back another party back into the lawsuit that had been previously dismissed when that issue was not, when Mr. White failed to pursue that dismissal at the time or failed to take any other action related to it until the last minute. Thank you, counsel. Thank you, Your Honor. Are you out of time? I believe so. Okay. Well, the case is submitted.